UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RAYFORT KNIGHT, | Civil File No. 06-4150 (JNE/JSM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| MARTY C. ANDERSON, | |
| Defendant. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's request for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a). (Docket No. 2.) The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this case be dismissed without prejudice.

Plaintiff, an inmate at the Federal Medical Center in Rochester, Minnesota, commenced this action on October 16, 2006, by filing a Complaint seeking relief for personal injuries that he allegedly has sustained while in prison. (Docket No. 1.) He did not pay the $350 filing fee required by 28 U.S.C. § 1914(a), but instead submitted the application to proceed IFP that is now before the Court.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA"). This means, inter alia, that he must pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

In this case, plaintiff's initial partial filing fee, under the formula set forth at § 1915(b)(1), is $49.88.  However, plaintiff did not tender that statutorily required fee with his Complaint and IFP application.  Therefore, by Order dated October 18, 2006, (Docket No. 3), plaintiff was directed to pay his initial partial filing fee of $49.88 within twenty days. The Court's Order expressly advised plaintiff that if he failed to pay the prescribed amount within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

On November 29, 2006, plaintiff filed a self-styled document entitled "Motion For Reimburstment [sic] Of Court Filing Fees Pursuant To 28 U.S.C. § 1915." (Docket No. 5.) In that submission, plaintiff claims that he is not currently serving any court-imposed prison sentence, but rather, he is being detained solely because of a civil commitment order that was entered pursuant to 18 U.S.C. § 4245.  Therefore, plaintiff argues, he is not a "prisoner" for PLRA purposes, and he should not be required to comply with the prisoner filing fee requirements prescribed by 28 U.S.C. § 1915(b).  This argument is meritless.

It is true that plaintiff is subject to an order entered pursuant to § 4245.  (See United States v. Knight, Civil No. 06-2205 (JNE/SRN), Order entered August 23, 2006; [Docket No. 10].)  That order, however, did not cause Petitioner's current detention; it merely authorized the Attorney General to hospitalize him and treat him for a mental disease or defect.  (See id.)  Indeed, § 4245, on its face, can apply only to "a person serving a sentence of imprisonment."

Plaintiff is currently in prison solely because he is serving a 25-year prison sentence for a federal controlled substance offense.  (See Knight v. Anderson, Civil No. 06-3992

(JNE/JSM); Petition, [Docket No. 1], p. 2.)  Therefore, plaintiff clearly is a "prisoner" for purposes of the PLRA filing fee requirements.  See 28 U.S.C. § 1915(h).

The court-ordered deadline by which plaintiff was required to pay his initial partial filing fee has now passed, and he has not tendered the payment due.  Because plaintiff has failed to pay the required fee on time, and he has furnished no valid reason for such dereliction, it is now recommended, in accordance with the Court's prior Order of October 18, 2006, that plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner action can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (federal court has inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be summarily dismissed, for the reasons discussed above, the Court will further recommend that plaintiff's anomalous "Motion For Summary Judgment," (Docket No. 4), be summarily denied.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.   Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2.   Plaintiff's "Motion For Summary Judgment," (Docket No. 4), be **DENIED**;

    3.    Plaintiff's "Motion For Reimburstment [sic] Of Court Filing Fees Pursuant To 28 U.S.C. § 1915," (Docket No. 5), be **DENIED**; and

    4.    This action be **DISMISSED WITHOUT PREJUDICE**.

Dated:    December 1, 2006

                            *s/ Janie S. Mayeron*
                            JANIE S. MAYERON
                            United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 19, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.